**IN THE UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF ALABAMA**
**SOUTHERN DIVISION**

| | | |
|---|---|---|
| **TATYANA RAYFORD,** | ) | |
| **Plaintiff.** | ) | |
| | ) | **Case No.:** 1:26-cv-344 |
| **vs.** | ) | |
| | ) | |
| **THE WELLNESS COLLECTIVE,** | ) | |
| **LLC,** | ) | |
| | ) | |
| **Defendant.** | ) | |

# COMPLAINT

Plaintiff **Tatyana Rayford** files this Complaint against Defendant **The Wellness Collective, LLC**, and alleges as follows:

## Nature of the Action

1. This is an action for race discrimination in employment. Plaintiff, an African-American woman, alleges that Defendant subjected her to less favorable discipline and monitoring than non-Black employees and terminated her employment on April 10, 2026, under a stated reason that was pretextual.

2. Plaintiff seeks relief under Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. §§ 2000e et seq., and 42 U.S.C. § 1981.

**Jurisdiction and Venue**

3. This Court has subject-matter jurisdiction over Plaintiff's federal claims under 28 U.S.C. § 1331 and 42 U.S.C. § 2000e-5(f)(3).

4. Venue is proper in this District because Defendant employed Plaintiff in Mobile, Alabama, and the alleged unlawful employment practices occurred in this District.

**Parties**

5. Plaintiff Tatyana Rayford is an adult resident of Mobile, Alabama.

6. Defendant The Wellness Collective, LLC is an Alabama employer that operates at 960 Downtowner Boulevard, Mobile, Alabama 36609.

7. Upon information available to Plaintiff, Defendant employed at least fifty employees during the relevant period and was Plaintiff's employer within the meaning of Title VII.

**Exhaustion of Administrative Remedies**

8. Plaintiff timely filed a charge of discrimination with the Equal Employment Opportunity Commission ("EEOC"), Charge No. 425-2026-01314, identifying Defendant and alleging race discrimination arising from Defendant's employment practices.

9. The EEOC dismissed the charge and issued Plaintiff a Notice of Right to Sue. Plaintiff brings her Title VII claim within ninety days of her receipt of that Notice.

**Factual Allegations**

10. Defendant employed Plaintiff as a Certified Medical Assistant from approximately September 29, 2025, through April 10, 2026.

11. Plaintiff is African-American.

12. Plaintiff performed her job duties professionally and competently and received positive feedback from patients and staff.

13. Plaintiff had no prior disciplinary history before April 10, 2026.

14. During Plaintiff's employment, Defendant treated Plaintiff less favorably than similarly situated non-Black employees in its disciplinary practices.

15. A non-Black provider had repeated and more serious performance concerns, including medication delays, documentation errors, patient complaints, tardiness, and medication errors.

16. Despite those concerns, Defendant provided that non-Black provider reminders, assistance, and opportunities to correct deficiencies rather than meaningful discipline.

17. A non-Black employee participated in the same private, work-related conversation that Defendant later cited as the basis for Plaintiff's termination.

18. Defendant did not discipline or terminate that non-Black employee for participating in the conversation.

19. On or about March 19, 2026, Plaintiff made a formal complaint to Defendant's owner concerning patient safety, medication delays, documentation and billing issues, and workplace practices.

20. On or about March 20, 2026, Defendant installed cameras in Plaintiff's workspace and in the workspace of another Black employee.

21. Defendant did not place comparable surveillance in two waiting areas used by non-Black employees.

22. In the period after the cameras were installed, Defendant's owner referenced private employee conversations.

23. On April 10, 2026, Defendant issued Plaintiff her first write-up and immediately terminated her employment, stating that she was being terminated for "gossiping."

24. Defendant's stated reason for terminating Plaintiff was false or unworthy of credence because Plaintiff had no prior disciplinary history, the cited conversation involved a non-Black employee who was not disciplined, and Defendant applied its discipline differently to non-Black employees with more serious performance concerns.

25. As a direct and proximate result of Defendant's conduct, Plaintiff has suffered lost wages and employment benefits, emotional distress and mental anguish, reputational harm, and other damages.

**Count I — Title VII Race Discrimination**

26. Plaintiff is an African-American woman.

27. Defendant employed Plaintiff as a Certified Medical Assistant from approximately September 29, 2025, through April 10, 2026, and had at least fifty employees during the relevant period.

28. Plaintiff performed her job professionally and competently, received positive feedback from patients and staff, and had no prior disciplinary history before April 10, 2026.

29. A non-Black provider had repeated and more serious performance concerns, including medication delays, documentation errors, patient complaints, tardiness, and medication errors. Defendant responded to that provider with reminders, assistance, and opportunities to correct deficiencies rather than meaningful discipline.

30. A non-Black employee participated in the same private, work-related conversation that Defendant later identified as the basis for Plaintiff's termination. Defendant did not discipline or terminate that employee.

31. On or about March 20, 2026, Defendant installed cameras in Plaintiff's workspace and the workspace of another Black employee, while comparable waiting areas used by non-Black employees were not monitored.

32. On April 10, 2026, Defendant issued Plaintiff her first write-up and immediately terminated her employment, stating that she was terminated for "gossiping."

33. Defendant's stated reason was a pretext for race discrimination because Plaintiff had no prior disciplinary history, Defendant did not discipline a non-Black participant in the same cited conversation, and Defendant afforded non-Black employees more favorable treatment despite more serious performance concerns.

34. Plaintiff timely filed EEOC Charge No. 425-2026-01314 against Defendant, and the EEOC issued a Notice of Right to Sue. Plaintiff brings this action within ninety days of receiving that Notice.

35. Defendant discriminated against Plaintiff because of her race in violation of Title VII, 42 U.S.C. § 2000e-2(a).

36. As a direct and proximate result of Defendant's Title VII violation, Plaintiff has suffered damages including lost pay and benefits, emotional distress, mental anguish, reputational harm, and other compensatory damages.

**Count II — Race Discrimination in Violation of 42 U.S.C. § 1981**

37. Plaintiff is an African-American woman.

38. Defendant employed Plaintiff as a Certified Medical Assistant from approximately September 29, 2025, through April 10, 2026.

39. Plaintiff's employment relationship with Defendant was contractual in nature and included the making, performance, modification, and termination of an employment contract and the enjoyment of the benefits, privileges, terms, and conditions of employment.

40. Plaintiff performed her job professionally and competently, received positive feedback from patients and staff, and had no prior disciplinary history before April 10, 2026.

41. A non-Black provider had repeated and more serious performance concerns, including medication delays, documentation errors, patient complaints, tardiness, and medication errors. Defendant gave that provider assistance and opportunities to correct deficiencies rather than meaningful discipline.

42. A non-Black employee participated in the same private, work-related conversation that Defendant relied upon as the basis for terminating Plaintiff. Defendant did not discipline or terminate that non-Black employee.

43. On or about March 20, 2026, Defendant installed cameras in Plaintiff's workspace and the workspace of another Black employee, but did not install comparable monitoring in waiting areas used by non-Black employees.

44. On April 10, 2026, Defendant issued Plaintiff her first write-up and immediately terminated her employment, stating that she was terminated for "gossiping."

45. Defendant's stated reason for termination was pretextual. Plaintiff's race was a but-for cause of Defendant's decision to terminate her employment and to afford her less favorable terms and conditions of employment than non-Black employees.

46. Defendant impaired Plaintiff's rights to make and enforce contracts because of race, in violation of 42 U.S.C. § 1981.

47. As a direct and proximate result of Defendant's § 1981 violation, Plaintiff has suffered lost pay and benefits, emotional distress, mental anguish, reputational harm, and other compensatory damages.

**Prayer for Relief**

WHEREFORE, Plaintiff respectfully requests that the Court enter judgment in her favor and against Defendant and award:

A. A declaration that Defendant violated Title VII and 42 U.S.C. § 1981;

B. Back pay, including lost wages and benefits, with applicable interest;

C. Front pay or reinstatement, as appropriate;

D. Compensatory damages for emotional distress, mental anguish, and other nonpecuniary losses;

E. Punitive damages to the extent permitted by law;

F. Reasonable attorney's fees, litigation expenses, and costs;

G. Prejudgment and post-judgment interest as allowed by law; and

H. Any further relief that the Court deems just and proper.

**Jury Demand**

Plaintiff demands a trial by jury on all issues so triable.

Respectfully submitted,

/s/ Terrell E. McCants

Terrell E. McCants ASB-2299-L68M
MCC176
Civil Rights Law Group, LLC
420 North 20th Street, Suite 2200
Birmingham, AL 35203
e-mail: tmccants@thecivilrightslawgroup.com
phone: 205-771-4999